IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN McDEVITT,

      Plaintiff,                    No. CIV S-08-0230 LKK JFM P

   vs.

SOLANO COUNTY JAIL, et al.,       ORDER AND

      Defendants.             FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $7.42 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

1  The court is required to screen complaints brought by prisoners seeking relief
2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6  U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
15 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
17 Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.
18 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain
19 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
20 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.
21 However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson
23 v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting
24 Conley v. Gibson, 355 U.S. 41, 47 (1957)).  When reviewing a complaint, the court must accept
25 as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the
26 light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

1    Plaintiff claims that his constitutional right to due process[1] was violated when
2    defendant Officer Barrilleaux took away plaintiff's "unlock" due to the presence of a clothesline
3    in plaintiff's cell and when defendants Sergeant Childers, Officer Bradford, and Sergeant
4    Sanders denied the grievance submitted by plaintiff thereafter.
5    Prison inmates have a right protected by the Due Process Clause of the Fourteenth
6    Amendment in "freedom from restraint which . . . imposes atypical and significant hardship on
7    the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472,
8    484 (1995). In Sandin, the United States Supreme Court held that disciplinary segregation for a
9    period of thirty days did not give rise to a liberty interest protectible by the federal due process
10   clause where the conditions in disciplinary segregation "with insignificant exceptions, mirrored
11   those conditions imposed upon inmates in administrative segregation and protective custody."
12   Id. at 486.
13   In the instant case, plaintiff alleges[2] that Officer Barrilleaux punished him without
14   due process by denying him of an "unlock" for having a clothesline in his cell, instead of
15   counseling him or advising him of behavioral expectations and without commencing any
16   disciplinary proceedings before a classification officer. Although it is not entirely clear from the
17   complaint, it appears that an unlock refers to a period of out-of-cell time. Moreover, although the
18   duration of an "unlock" is also not described in the complaint, it is clear that plaintiff was only
19   denied one "unlock," and that he was denied the "unlock" on December 1, 2007. (Complaint,
20   filed January 30, 2008, at ¶ IV.)
21   /////

---

[1] The constitutional basis for plaintiff's claim is gleaned from exhibits appended to the complaint, which are a part thereof for all purposes. See Fed. R. Civ. P. 10(c). In the exhibits, plaintiff also complains that the denial of the unlock constituted "cruel and unusual punishment." There is nothing in any of the allegations before the court which implicate Eighth Amendment concerns.

[2] These allegations are in the first inmate grievance form attached to plaintiff's complaint. See footnote 1, supra.

1       The denial of out of cell time on one occasion does not implicate a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Cf. Sandin, supra. For this reason, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted in this § 1983 action.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.42. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith; and

      IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2008.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12;mcde0230.56